UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| ROBERTO SANDOVAL, <br>     Petitioner, <br> V. <br> MICHAEL SEPANEK, Warden, <br>     Respondent. | Civil Action No. 16-162-KKC <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

    In April 1999, when Roberto Sandoval was only sixteen years old, he participated in the murder of Rogelio Guzman, a member of a rival gang in Atlanta, Georgia. Six years later, after he had reached adulthood, Sandoval and 17 other members of the Sureños-13 gang were indicted by a federal grand jury for numerous offenses committed over the course of a decade, including drug trafficking, racketeering, firearms possession, robbery, murder, and conspiracy.

    Sandoval was convicted of several of these offenses, the most serious of which was under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For that offense, in February 2008 the trial court sentenced him to life in prison, a sentence enhanced pursuant to 18 U.S.C. §§ 1961(1), 1963(a) because the 1999 murder was an overt act in furtherance of the conspiracy and because under Georgia law, Guzman's murder was punishable by life imprisonment. *United States v. Sandoval*, No. 1: 05-CR-324-CAP-JFK-4 (N.D. Ga. 2005). Although Sandoval had been indicted in 2005, he was sentenced after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), and the trial court properly weighed the sentencing factors, viewing the Sentencing Guidelines as advisory rather than mandatory. See *In re: Roberto Sandoval*, No. 16-11470-E (11th Cir. Apr. 16, 2016).

Sandoval's conviction and sentence were affirmed on direct appeal. *United States v. Flores*, 572 F. 3d 1254, 1259-60, 1268-70 (11th Cir.) (citing *United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999)), *cert. denied*, 558 U.S. 1015 (2009). The trial court denied Sandoval's initial motion for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, and the Eleventh Circuit denied his request for a certificate of appealability in 2013.

In April 2016, Sandoval filed a motion in the Eleventh Circuit seeking permission to file a second or successive motion under Section 2255 to argue that his life sentence ran afoul of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012). In that case, the Court held that imposing a sentence of life imprisonment without the possibility of parole upon a defendant who committed murder while a juvenile would violate the Eighth Amendment's prohibition against imposing "Cruel and Unusual Punishments" if that sentence was mandatory, meaning imposed under a sentencing scheme that deprived the sentencing authority of discretion to consider juvenile offender characteristics, such as lessened culpability and heightened capacity for rehabilitation. *Miller*, 132 S. Ct. at 2460-62, 2645-68. Four years later, the Supreme Court declared the rule of *Miller* to be a new substantive rule of constitutional law, and hence retroactively applicable to cases on collateral review. *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718 (2016). But the Eleventh Circuit denied Sandoval's motion, concluding that *Miller* was inapplicable because (1) Sandoval was sentenced to life imprisonment for violating RICO, not committing murder; (2) Sandoval committed the conduct that resulted in his RICO conviction while an adult; and (3) his life sentence was not mandatory. *In re: Roberto Sandoval*, No. 16-11470-E (11th Cir. Apr. 16, 2016).

Undeterred, two weeks later Sandoval filed his motion in the trial court anyway, invoking both Section 2255 and 28 U.S.C. § 2241, and asserting his claims under *Miller* and

*Montgomery*. To the extent Sandoval sought relief under Section 2255, the trial court denied the motion as a second or successive 2255 motion unauthorized by the Court of Appeals. See 28 U.S.C. § 2255(h). As for Sandoval's invocation of Section 2241, the trial court noted that a habeas corpus petition challenging present confinement must be filed in the district of incarceration, and therefore transferred the construed petition to this Court in light of Sandoval's incarceration at the federal penitentiary in Inez, Kentucky. [R. 1-1; 1-2]

The Court must conduct an initial review of Sandoval's habeas corpus petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). But his petition fares no better under Section 2241 than it did under Section 2255. If the Court were to reach the substance of his claims under *Miller*, which it does not, the Court would agree with the Eleventh Circuit that *Miller* is wholly inapposite because Sandoval was sentenced to life in prison for violating RICO, not committing murder, based upon conduct he committed while an adult.

The Court cannot entertain Sandoval's claims, however, because his petition does not challenge the validity of his RICO conviction but only the life sentence he received. Such claims do not fall within the narrow scope of the savings clause. See *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

On one occasion, the Sixth Circuit has permitted a challenge to a sentence to be asserted in a Section 2241 petition, but only because (1) the petitioner's sentence was imposed

pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016). But Sandoval's claim is unlike that permitted by *Hill* in two critical respects. First, his sentence was imposed after *Booker*, not before, and the trial court properly treated the Guidelines as advisory rather than mandatory. Second, Sandoval relies upon *Miller*, a Supreme Court decision not founded upon statutory interpretation but upon the Eighth Amendment, and which does not address sentencing enhancements for career offenders at all. Sandoval's claim therefore plainly does not satisfy at least the first and third criteria of *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462.

Accordingly, **IT IS ORDERED** that:

1. Petitioner's motion to expedite [R. 5] is **GRANTED**.

2. The petition filed pursuant to 28 U.S.C. § 2241 by Roberto Sandoval [R. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated June 8, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY